## UNITED STATES COURT OF INTERNATIONAL TRADE

|  |  |
|---|---|
| AIDA-AMERICA CORPORATION, : | |
| : | |
| Plaintiff, : | Court No. 1:18-cv-00215 |
| : | |
| vs. : | |
| : | |
| THE UNITED STATES, : | |
| : | |
| Defendant. : | |

## COMPLAINT

Plaintiff AIDA-America Corporation (hereinafter "Plaintiff"), by and through its undersigned attorneys, alleges the following:

1. The United States Court of International Trade has jurisdiction over this civil action pursuant to 28 U.S.C. § 1581(a).

2. The Plaintiff is the importer of record for the merchandise covered by this civil action.

3. The Plaintiff filed the protest against the United States Customs and Border Protection ("Customs") liquidation decision covered by this action in the manner and within the time required by law.

4. On November 4, 2015, the Plaintiff imported $15,753,804.97 worth of parts for the construction and installation of a stamping press (hereinafter "Tandem Press") for the Plaintiff's customer.

5. The November 4, 2014 importation was the subject of entry number 2809-361-1630318-5 ("Tandem Entry"), imported through the Port of San Francisco.

6.      The Tandem Press was one of two industrial stamping presses that the Plaintiff was designing and supplying to its customer in Fremont, California for use in an automobile construction plant. The Plaintiff paid its supplier, non-party AIDA-Srl, based on a series of financial invoices, against which the Plaintiff paid milestone payments.

7.      The value of the Tandem Press was determined at the outset of the project, and contained in the Plaintiff's proposal to its customer. Commercial invoices for the shipment of parts for the Tandem Press were valued based upon the pricing of the Tandem Press and its parts.

8.      The original pricing for the supply of the Tandem Press to the Plaintiff's customer was set at €22,369,574 ($28,342,250.25), which included logistics, inland freight, U.S. domestic materials, and installation of the Tandem Press.

9.      The Plaintiff paid its supplier €21,402,373.19 ($27,116,806.83) against financial invoices for work on the Tandem Press project, and imported parts and equipment covered by €18,181,573.25 ($23,036,053.30) worth of commercial invoices issued to the Plaintiff, of which €16,611,891.02 ($21,047,265.92) was dutiable.

10.     The Plaintiff imported sixteen (16) shipments of parts for the Tandem Press, as well as fifteen (15) smaller shipments of miscellaneous components, required for the Tandem Press and a second press supplied to the same customer, over the course of 2014 and 2015. In all, there were thirty-six (36) entries associated with the two presses, involving €20,126,750.84 ($25,350,667.64) in dutiable value for which $926,121.67 in duty was owed, but $1,464,034.64 was paid by the Plaintiff.

11.     The commercial invoice corresponding to the Tandem Entry, No. BM00255, was issued by AZ Comisionaria Industrial S.L., the financing company for the Plaintiff's supplier,

AIDA-Srl, covering a shipment valued at €13,691,932.14 ($17,347,678.02), but including logistical and other non-dutiable items.

12. The amount due under commercial invoice No. BM00255 was €6,877,613.94 ($8,713,936.86), less than the value of the corresponding imported parts, after the issuer subtracted earlier milestone payments made against financial invoices issued to the Plaintiff. Commercial invoice No. BM00255 states these facts explicitly on its face.

13. In spite of the statements in commercial invoice No. BM00255, the Plaintiff's customs broker erroneously added the milestone payments then credited to the Plaintiff, to the value of the imported parts, and twice subtracted the cost of freight (a non-dutiable item), arriving at a stated total invoice value of €21,939,175.00 ($27,796,935.00) and a total stated appraised value for the shipment of $26,203,062. Both of these figures were erroneous as shown on the face of the corresponding commercial invoice.

14. Customs liquidated the Tandem Entry using the erroneous appraised value provided by the Plaintiff's customs broker on September 18, 2015.

15. The Plaintiff paid import duty in the amount of $1,155,307.55.

16. The Plaintiff protested the liquidated amount of the Tandem Entry on October 20, 2015.

17. As of September 17, 2018, no decision by Customs on the Plaintiff's protest had been sent or received by U.S. Mail as required by 19 U.S.C. § 1515(a), 19 C.F.R. § 174.30(a).

18. On September 17, 2018, the Plaintiff sent a written request for accelerated disposition of the protest by certified U.S. Mail, to which Customs did not respond.

19. On October 17, 2018, the Plaintiff's protest was deemed denied pursuant to 19 U.S.C. § 1515(b) and 19 C.F.R. § 174.22(d).

20. On October 18, 2018, the Plaintiff commenced the present action, within the 180 days required by 28 U.S.C. § 2636(a) and 19 C.F.R. § 174.31(b).

## COUNT ONE

### (Refund of Import Duty Overpayment)

21. The Plaintiff realleges and incorporates the allegations contained in paragraphs 1 through 20, as though set out in full herein.

22. The Plaintiff properly entered the Tandem Entry, but with an erroneous appraised value of $26,203,062.00.

23. Customs liquidated the Tandem Entry with the erroneous appraised value of $26,203,062.00, and retained the $1,155,307.55 in import duties paid by the Plaintiff for the entry.

24. The true appraised value of the Tandem Entry was $15,753,804.97 based upon the transactional value of the parts supplied to the Plaintiff as well as the transactional value of identical or similar merchandise.

25. The Plaintiff overpaid $473,775.18 in import duties and $13,061.57 in harbor maintenance fees for the Tandem Entry.

26. The Plaintiff timely protested the valuation of the Tandem Entry.

27. The Plaintiff's protest was deemed denied by operation of law.

28. Customs' deemed denial of the Plaintiff's protest has resulted in the Plaintiff's overpayment of duty in the amount of $473,775.18 and harbor maintenance fees in the amount of $13,061.57, for which the Plaintiff is entitled to a refund.

/ / /

## PRAYER

WHEREFORE, Plaintiff AIDA-America Corporation hereby prays for judgment against Defendant United States as follows:

a.   That the Defendant be ordered to allow the Plaintiff's protest and reliquidate entry 2809-361-1630318-5 with a refund of the Plaintiff's overpayment of duties and harbor maintenance fees in the amount of $486,836.68 together with lawful interest;

b.   That the Plaintiff be awarded its costs of suit herein;

c.   That the Plaintiff be awarded reasonable attorneys' fees; and

d.   For such other or further relief as this Court deems just and equitable.

DATED: October 15, 2020                           Respectfully submitted,

/s/ Asa W. Markel
Asa W. Markel
Masuda, Funai, Eifert & Mitchell, Ltd.
19191 South Vermont Avenue, Suite 420
Torrance, California 90502
Tel.: (310) 630-5900
Fax: (310) 630-5909
Email: amarkel@masudafunai.com

Attorneys for Plaintiff AIDA-America Corporation

## CERTIFICATE OF SERVICE

I, Asa Markel, certify that I am over the age of 18 years, am not a party to this action, and that on the 15th day of October, 2020, I served a copy of the following papers upon the Department of Justice:

## COMPLAINT

by having a true copy thereof deposited in a United States Mail receptacle, properly enclosed in a securely sealed envelope duly stamped or postage prepaid, addressed to:

> Justin R. Miller, Esq.
> Jamie L. Shookman, Esq.
> U.S. Department of Justice
> International Trade Field Office
> 26 Federal Plaza, Room 346
> New York, New York 10278-0004

Dated:            October 15, 2020

Signature:                        /s/ Asa W. Markel_____
              Torrance, California    Asa Markel