UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. STEPHEN ALEXANDER VADEN, JUDGE

|  |  |
|---|---|
| AIDA-AMERICA CORPORATION,<br><br>        Plaintiff,<br><br>  v.<br><br>UNITED STATES,<br><br>        Defendants. | Court No. 18-00215 |

**JOINT MOTION FOR ISSUANCE OF A LETTER OF REQUEST
PURSUANT TO THE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF
EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS**

  Plaintiff, Aida-America Corporation (Aida), and defendant, United States, hereby jointly request that the Court issue the attached Letter of Request (Exhibit A) pursuant to the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (Hague Evidence Convention), which is intended to facilitate the Government in obtaining deposition testimony from Carlo Paita, Lorenzo Gozzoli, and Giovanni Reale, employees of AIDA Srl, the manufacturer of the merchandise contained in the entries at issue and whose valuation is at issue in this action.  Mr. Paita, Mr. Gozzoli, and Mr. Reale reside in Italy.  The parties also request that the Court (i) authorize the parties' local counsel in Italy to file the Letter of Request, once issued, with the Corte d'Appello di Brescia; and (ii) appoint Stefano Azzali, Esq., an attorney who practices in Italy, to serve as a Commissioner authorized to facilitate the taking of deposition testimony in Italy.  Aida has arranged for the witnesses to appear for their depositions voluntarily.

**BACKGROUND**

This case is a civil matter concerning the proper valuation of six industrial stamping presses (the "Tandem Press" comprised of five presses and the single "Rovetta Press") which AIDA-America's affiliate, AIDA-Srl, designed and supplied to its automobile manufacturing customer in Fremont, California for use in an automobile construction plant. AIDA-America contracted with AIDA-Srl, (Italy) to manufacturer the Tandem and Rovetta Presses which were imported into the United States under thirty-six separate entries. AIDA-America paid AIDA-Srl (Italy) for the entire project (six presses covering thirty-six entries) pursuant to intermittent progress payments as agreed. Plaintiff claims that U.S. Customs and Border Protection (CBP) liquidated two entries based upon erroneous appraised values mistakenly calculated by plaintiff's customs broker. Plaintiff challenged the appraised value of the merchandise by filing an administrative protest but that challenge was denied by operation of law. This litigation in the U.S. Court of International Trade followed. Accordingly, the primary question presented by this case is the determination of the correct transaction value of the merchandise in the two disputed entries. *See* 19 U.S.C. § 1401a. The Italian witnesses, Mr. Paita, Mr. Gozzoli, and Mr. Reale, are employees of Aida-SRL (Italy), and they possess knowledge of facts relating to the transactions in this case and the valuation of the merchandise.

**ARGUMENT**

I. **THE PARTIES HAVE SATISFIED THE STANDARD FOR THE ISSUANCE OF THE PROPOSED LETTER OF REQUEST**

The parties respectfully request that this Court issue a Letter of Request to take testimonial evidence of the three witnesses identified above who are located in Italy. The parties' request is authorized under the Hague Evidence Convention, opened for signature, Mar.

19, 1970, 23 U.S.T. 2555, T.I.A.S. No. 7444, reprinted in the notes section following 28 U.S.C. § 1781 (Hague Evidence Convention).  The Hague Evidence Convention "prescribes certain procedures by which a judicial authority in one contracting state may request evidence located in another contracting state." *Societe Nationale Industrielle Aerospatiale v. U.S. Dist. Court for S. Dist. Iowa*, 482 U.S. 522, 524 (1987).  Article 1 of the Hague Evidence Convention provides that a judicial authority of a signatory state may request the competent authority of another signatory state to obtain evidence by means of a Letter of Request.  *See Minebea Co., Ltd. v. Papst*, 444 F. Supp. 2d 68, 82 n.8 (D.D.C. 2006) (Hague Evidence Convention "provides for the taking of evidence abroad, without recourse to consular or diplomatic channels, by means of 'letters of request.'").

Courts "routinely issue such letters where the movant makes a reasonable showing that the evidence sought may be material or may lead to the discovery of material evidence." *Netherby Ltd. v. Jones Apparel Grp., Inc.*, 2005 WL 1214345, at* 1 (S.D.N.Y. May 18, 2005); *see Tulip Computers Intern. B. V v. Dell Computer Corp.*, 254 F. Supp. 2d 469, 474 (D. Del. 2003).  The burden on the party seeking a Letter of Request is not heavy because "the Convention procedures are available whenever they will facilitate the gathering of evidence by the means authorized in the [Hague] Convention." *Tulip Computers Intern. B. V*, 254 F. Supp. 2d at 474.

Here, the United States and Italy are signatories to the Hague Evidence Convention.  *See* https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/Italy.html.  The parties seek to take the voluntary depositions of Mr. Paita, Mr. Gozzoli, and Mr. Reale, individuals who have knowledge of the transactions relating to the valuation of the merchandise at issue.  Since the witnesses are voluntarily willing to testify, it is

3

appropriate for the Court to issue a Letter of Request pursuant to Chapter II, Article 17 of the Hague Evidence Convention, seeking permission to directly take the deposition testimony of the witnesses and engage a duly appointed Commissioner to facilitate the taking of that testimony. The parties' proposed Letter of Request addresses the necessary criteria for seeking prior permission from the Corte d'Appello di Brescia under Chaper II, Article 17.  The parties' each have engaged local counsel in Italy for the purpose of filing the Letter of Request with the Corte d'Appello di Brescia and assisting the parties with the Italian judicial process.

## II.     THE PARTIES REQUEST THAT THE COURT APPOINT A COMMISSIONER TO TAKE THE TESTIMONIAL EVIDENCE

Chapter II, Article 17 of the Hague Evidence Convention provides for the taking of evidence by means of a duly appointed commissioner.  Article 17 states:

> In civil or commercial matters, a person duly appointed as a commissioner for the purpose may, without compulsion, take evidence in the territory of a Contracting State in aid of proceedings commenced in the courts of another Contracting State, if –
> 
>     a) a competent authority designated by the State where the evidence is to be taken has given its permission either generally or in the particular case; and
> 
>     b) he complies with the conditions which the competent authority has specified in the permission. A Contracting State may declare that evidence may be taken under this Article without its prior permission.

*See also* https://www.hcch.net/en/states/authorities/details3/?aid=504.  Pursuant to Article 17, the parties also respectfully request that the Court appoint Mr. Stefano Azzali as the Commissioner to take the testimony under Italian law in this action, pending the approval of the Corte d'Appello di Brescia.  As Commissioner, Mr. Azzali will facilitate the depositions, to be taken in compliance with Italian law, of Mr. Carlo Paita, Mr. Lorenzo Gozzoli, and Mr.

4

Giovanni Reale at a time to be agreed to by the parties and deponents before April 18, 2022 unless this date is extended by the Court. Upon the completion of the depositions, Mr. Azzali will inform the Corte d'Appello di Brescia and transmit a copy of the deposition transcripts and exhibits to counsel for the parties.

## CONCLUSION

For all of the foregoing reasons, the parties respectfully request that the Court enter the proposed order appointing Stefano Azzali, Esq., as the Commissioner authorized to facilitate the taking of deposition testimony in Italy; and issuing the attached Letter of Request authorizing the parties' local counsel in Italy to file such request with the Corte d'Appello di Brescia.

Respectfully submitted,

**For the Plaintiff:**

/s/ Asa Markel
ASA MARKEL
Masuda, Funai, Eifert & Mitchell, Ltd.
19191 S. Vermont Avenue, Suite 420
Torrance, CA 90502
Telephone No. (310) 630-5900
Email: AMarkel@masudafunai.com


**For the Defendant:**

BRIAN M. BOYNTON
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director


JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

By:  /s/ Aimee Lee
     AIMEE LEE

Assistant Director

/s/ Edward F. Kenny
EDWARD F. KENNY
Senior Trial Counsel

/s/ Marcella Powell
MARCELLA POWELL
Senior Trial Counsel
Department of Justice, Civil Division
Commercial Litigation Branch
26 Federal Plaza – Suite 346
New York, New York 10278
(212) 264-2107
Attorneys for Defendant

Dated: February 11, 2022

## CERTIFICATE OF SERVICE

I, Asa Markel, hereby certify that I am over the age of 18 years, am not a party to this action, and that on the 11th day of February, 2022, the attached **JOINT MOTION FOR ISSUANCE OF A LETTER OF REQUEST PURSUANT TO THE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS** and **PROPOSED ORDER** was filed on the Court's CM/ECF system, which automatically services notice to the following counsel of record to the parties in the above-captioned action:

Edward F. Kenny, Esq.
Marcella Powell, Esq.
U.S. Department of Justice
International Trade Field Office
26 Federal Plaza, Room 346
New York, New York 10278-0004


Dated:          February 11, 2022

Signature:                          /s/ Asa W. Markel_____
                Torrance, California    Asa Markel

1