## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| AIDA-AMERICA CORPORATION,<br><br>*Plaintiff,*<br><br>v.<br><br>UNITED STATES<br><br>*Defendant.* | Before: Stephen Alexander Vaden,<br>Judge<br><br>Court No. 18-00215 |

**ORDER GRANTING JOINT MOTION FOR ISSUANCE OF LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE, APPOINTMENT OF COMMISSIONER, AND DIRECTION OF SUBMISSION OF HAGUE CONVENTION APPLICATION**

The Court has reviewed the papers submitted in support of Plaintiff AIDA-America Corporation and the United States' Joint Motion for Issuance of Letter of Request for International Judicial Assistance, Appointment of Commissioner, and Direction of Submission of Hague Convention Application.  Finding it proper to issue a Letter of Request for International Judicial Assistance to authorize a commissioner in Italy (the "Request for Assistance") pursuant to 28 U.S.C. § 1781 and Chapter II of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters, T.I.A.S. No. 7444, 23 U.S.T. 2555 (the "Hague Convention"), the Court **ORDERS:**

  1. The Motion is **GRANTED**.

  2. The Request for Assistance attached as Exhibit A is hereby issued as the Court's Request for Assistance and is fully incorporated herein.

3. Pursuant to Article 17 of the Hague Convention, Mr. Stefano Azzali, whose address is Camera Arbitrale di Milano – Via Meravigli 7 – 20123, MILANO (MI), Italy, is hereby duly appointed, pending the permission of the Corte d'Appello di Brescia and subject to the terms of the Request for Assistance, as Commissioner to supervise the deposition testimony of Mr. Carlo Paita, Mr. Lorenzo Gozzoli, and Mr. Giovanni Reale at a time to be agreed to by the parties; and in performance of his appointment as Commissioner and duties thereunder, upon completion he shall inform the Corte d'Appello di Brescia and transmit a copy of the deposition transcript and exhibits to counsel for the parties.

4. This signed Order and the signed Request for Assistance will be given to the parties, who will then file both documents, along with the Italian translations of both documents, in the Corte d'Appello di Brescia.

5. The Stipulated Protective Order Regarding Confidential Information in this action shall apply to these depositions.

6. Any unresolved disputes between the AIDA-America Corporation and the United States regarding depositions or other discovery, including assertions of privilege, shall be determined exclusively by this Court. The Commissioner will adhere to any such order issued by this Court in the above-captioned action.

7. All costs of this Hague Convention process, including the fees of the Commissioner, the proceedings before the Corte d'Appello di Brescia, and any translation or interpretation costs, will be borne by the parties evenly. Each party

will be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings arising from this Hague Convention process.

8. Neither this Order, nor the terms of the Request for Assistance (which are incorporated into this Order), shall constitute or operate as a waiver of any argument, position, objection, allegation, or claim or defense of any party in the above-captioned action, including the attorney-client privilege, the work product doctrine, or any other privileges, rights, protections, or prohibitions that may apply to that evidence under the law of Italy, the United States, or the State of New York.

**SO ORDERED.**

/s/     Stephen Alexander Vaden
           Judge

Dated: <u>February 14, 2022</u>
        New York, New York

# Exhibit A

UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| AIDA-AMERICA CORPORATION,<br><br>       Plaintiff,<br><br>v.<br><br>UNITED STATES,<br><br>       Defendants. | Court No. 18-00215 |

**LETTER OF REQUEST FOR INTERNATIONAL JUDICIAL ASSISTANCE FOR THE AUTHORIZATION OF A COMMISSIONER PURSUANT TO THE HAGUE CONVENTION OF 18 MARCH 1970 ON THE TAKING OF <u>EVIDENCE ABROAD IN CIVIL OR COMMERCIAL MATTERS</u>**

In conformity with Chapter II, Article 17 of the Hague Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (the "Hague Convention") and Article 69 of the Italian Statute of Private International Law, the United States Court of International Trade presents its compliments to the Presidente di Corte di Appello di Brescia and has the honor to submit a request for assistance in obtaining deposition testimony from Mr. Lorenzo Gozzoli, Mr. Carlo Paita, and Mr. Giovanni Reale, who are Italian citizens located in Italy and are employees of AIDA Srl, the manufacturer of the machinery for which the parties in the above-captioned case are seeking to determine its value.

| | | |
|---|---|---|
| 1. | Sender | Hon. Stephen A. Vaden, Judge<br>United States Court of International Trade<br>1 Federal Plaza<br>New York, New York 10278<br>UNITED STATES OF AMERICA<br>Telephone No. (212) 264-2063 |
| 2. | Central Authority of the Requested State | Ministry of Foreign Affairs<br>D.G.I.T. — Office IV<br>Piazzale della Farnesina, 1<br>00194 ROMA<br>Italy |
| 3. | Person to whom the executed request is to be returned | Asa Markel<br>Masuda, Funai, Eifert & Mitchell, Ltd.<br>19191 S. Vermont Avenue, Suite 420 \|<br>Torrance, CA 90502<br>UNITED STATES OF AMERICA<br>Telephone No. (310) 630-5900<br>AMarkel@masudafunai.com<br><br>Edward F. Kenny<br>Marcella Powell<br>Department of Justice, Civil Division<br>Commercial Litigation Branch<br>26 Federal Plaza, Room 346<br>New York, New York 10278<br>UNITED STATES OF AMERICA<br>Telephone No.: (212) 264-0484 or 1873<br>Edward.f.kenny@usdoj.gov<br>Marcella.powell@usdoj.gov |

|   |   |   |
|---|---|---|
|   |   | Plaintiff, AIDA-America Corporation and Defendant, United States (collectively, "the Parties") also designate the appointed Commissioner in Italy, Mr. Stefano Azzali, to accept notice of the Hague Convention authorization and notifications from the Italian court related to the Hague Convention proceedings on the Parties' behalf. The Commissioner shall transmit such authorization and notifications to counsel for Plaintiff Aida-America Corporation and counsel for Defendant United States simultaneously. |
| 4. | Specification of the date by which the requesting authority requires receipt of the response to the Request for International Judicial Assistance ("Request for Assistance") | The requesting authority would greatly appreciate a response to the Request for Assistance within 21 days or as soon thereafter as is practicable. Discovery in this action before the Court of International Trade concludes on April 18, 2022. |
| 5. | Requesting judicial authority | United States Court of International Trade<br>1 Federal Plaza<br>New York, New York 10278<br>UNITED STATES OF AMERICA |
| 6. | To the competent authority of | Presidente di Corte di Appello<br>Corte d'Appello di Brescia<br>Via Lattanzio Gambara 40,<br>25121 - Brescia (BS),<br>ITALIA |
| 7. | Name of the case and any identifying number | *AIDA-America Corporation v. United States.*, Court No. 18-00215 (SAV) (consolidated with Court No. 18-00216) |
| 8. | Name of Plaintiff | AIDA-America Corporation |
|   | Names and addresses of Plaintiff's representatives | Asa Markel<br>Masuda, Funai, Eifert & Mitchell, Ltd.<br>19191 S. Vermont Avenue, Suite 420 \|<br>Torrance, CA 90502<br>UNITED STATES OF AMERICA |

|   |   |   |
|---|---|---|
|   |   | TEL 310.630.5900<br>AMarkel@masudafunai.com |
| 9. | Name of relevant Defendants | UNITED STATES |
|   | Name and address of relevant Defendants' representatives | Edward F. Kenny<br>Marcella Powell<br>U.S. Dept. of Justice,<br>International Trade Field Office<br>26 Federal Plaza<br>Suite 346<br>New York, New York 10278<br>UNITED STATES OF AMERICA<br><br>Defendant will also be represented by Italian counsel:<br>Prof. Avv. Marco Torsello<br>ARBLIT Studio Legale<br>Via Alberto da Giussano, 15<br>20145 Milano (MI) Italy<br>Telephone No. (MI) +39 02 8425 4810 \|<br>marco.torsello@arblit.com |
| 10. | Nature and purpose of the proceedings and summary of the facts | This case is a civil matter concerning the proper valuation of six industrial stamping presses (the "Tandem Press" comprised of five presses and the single "Rovetta Press") which AIDA-America's affiliate, AIDA-Srl, designed and supplied to its automobile manufacturing customer in Fremont, California for use in an automobile construction plant. AIDA-America contracted with AIDA-Srl, (Italy) to manufacturer the Tandem and Rovetta Presses which were imported into the United States under thirty-six separate entries. AIDA-America paid AIDA-Srl (Italy) for the entire project (six presses covering thirty-six entries) pursuant to intermittent progress payments as agreed. Plaintiff claims that U.S. Customs and Border Protection (CBP) liquidated two entries based upon erroneous appraised values mistakenly calculated by plaintiff's |

|  |  |  |
|---|---|---|
|  |  | customs broker. Plaintiff challenged the appraised value of the merchandise by filing an administrative protest but that challenge was denied by CBP. This litigation in the U.S. Court of International Trade followed. The question presented by this case is valuation of the merchandise in the two disputed entries. |
| 11. | Evidence to be obtained | The parties seek permission to obtain the voluntary oral deposition testimony of Mr. Lorenzo Gozzoli, Mr. Carlo Paita, and Mr. Giovanni Reale. A copy of the "Listed Topics for Proposed Depositions" is attached as Exhibit 1. Additional topics may be addressed during the depositions provided that those topics are agreed upon by the parties. |
| 12. | Identity and address of person to be examined | Mr. Lorenzo Gozzoli<br>AIDA-Srl<br>Via Brescia 26, 25020 Pavone Mella (BS)<br>Italy<br><br>Mr. Carlo Paita<br>AIDA-Srl<br>Via Brescia 26, 25020 Pavone Mella (BS)<br>Italy<br><br>Mr. Giovanni Reale<br>AIDA-Srl<br>Via Brescia 26, 25020 Pavone Mella (BS)<br>Italy |
| 13. | Whether the parties to the case have consented to the deposition, and if not, the reasons for any objection which has been made | The parties have consented to the depositions and Mr. Lorenzo Gozzoli, Mr. Carlo Paita, and Mr. Giovanni Reale each consented to the depositions. |
| 14. | Subject matter about which the person is to be examined | Mr. Gozzoli's, Mr. Paita's, and Mr. Reale's knowledge of the topics listed in Exhibit 1 and additional topics that are agreed upon by the parties. |

| | | |
|---|---|---|
| 15. | Documents or other property to be inspected | None. |
| 16. | The names of any of the parties, or their representatives, who plan to attend the deposition | In attendance for Plaintiff:<br>Asa Markel<br>Masuda, Funai, Eifert & Mitchell, Ltd<br><br>Plaintiff will also be represented by Italian counsel:<br>Avv. Silvia Lazzeretti<br>Macchi di Cellere Gangemi<br>Via Serbelloni 4, 1022 Milano<br>Italy<br><br>In attendance for Defendant:<br>Edward F. Kenny and Marcella Powell from the U.S. Dept. of Justice, International Trade Field Office for Defendant.<br><br>Defendant will also be represented by Italian counsel:<br>Prof. Avv. Marco Torsello<br>ARBLIT Studio Legale<br>Via Alberto de Giussano 15, 20145<br>Milano, Italy |
| 17. | The names, addresses, and telephone numbers of the interpreter, stenographer and/or court reporter and interpreter who have been selected, if any | To be determined by mutual agreement of the parties and the Commissioner. Absent an agreement by the parties, appointment of the interpreter, stenographer and/or court reporter may be made by the Commissioner. |
| 18. | A suggested date for the deposition, if there is a preference | The parties propose to hold the depositions as soon as reasonably practicable on dates to be determined by mutual agreement. |
| 19. | Any requirement that the evidence is to be given on oath or affirmation, and any special form to be used | All evidence shall be given under oath in accordance with applicable procedures of Italian law in a form that is admissible in the courts of the United States. It is requested that the testimony be taken and transcribed by a qualified stenographer and/or court reporter and videographer |

| | | |
|---|---|---|
| | | chosen by the parties and the Commissioner. |
| 20. | Special methods or procedure to be followed | The Commissioner, the parties' representatives, attorneys, interpreters, and a stenographer and/or court reporter will be permitted to be present during the depositions. In light of the COVID-19 Pandemic, the parties wish to proceed remotely using an acceptable remote computer platform such as Zoom or Microsoft Teams to the extent possible; the stenographer and/or court reporter will be permitted to record verbatim the examinations; attorneys for the parties will conduct the examinations and will be permitted to ask questions about the topics listed in Exhibit 1 and those agreed upon by the parties; cross-examination of the witnesses will be permitted; witness examinations by attorneys for the parties will be conducted orally under the purview of the Commissioner; the witnesses and the Commissioner will meet in person and connect to the remote computer platform from the same location; the parties request that the transcripts of the depositions be in the language used at the deposition, with sections in Italian to be subsequently translated into English by a sworn or certified translator appointed by mutual agreement of the parties, or, absent such an agreement, by the Commissioner. |
| 21. | Specification of privilege or duty to refuse to give evidence under the law of the State of origin | The witness may refuse to give evidence insofar as there is a privilege or duty to refuse to give evidence under the laws of the United States and the laws of Italy. |
| 22. | Authority appointing Commissioner | United States Court of International Trade<br>1 Federal Plaza<br>New York, New York 10278<br>UNITED STATES OF AMERICA |

| | | |
|---|---|---|
| 23. | Commissioner | TBD |
| | | Attached as Exhibit 2 hereto is the Order of the United States Court of International Trade, appointing Mr. Stefano Azzali as Commissioner, pending the approval of the Corte d'Appello di Brescia. |
| 24. | Costs | All costs of this Hague Convention process, including, the fees of the Commissioner, the proceedings before the Corte d'Appello di Brescia, and any translation or interpretation costs, will be borne by the parties evenly. Each party will be responsible for the fees and expenses, if any, of its own attorneys relating to any proceedings arising from this Hague Convention process. |

This Court expresses its appreciation to the Corte d'Appello di Brescia for its courtesy and assistance in this matter.

Dated: New York, New York

_February 14_, 2022

_____
Honorable Stephen A. Vaden
Judge, U.S. Court of International Trade

# Exhibit 1

EXHIBIT 1 TO LETTER OF REQUEST

LISTED TOPICS FOR PROPOSED DEPOSITIONS

1. The allegations raised by AIDA America's complaint in the above-captioned action;

2. AIDA America's responses to Defendant's Interrogatories And Requests For Production Of Documents And Things Directed To Plaintiff; including but not limited to whether such documents produced are authentic copies of original and whether they were prepared in the ordinary scope of the business of AIDA America and whether it a regular part of AIDA America's business to keep and maintain documents of this type.

3. The parts and/or components comprising each of the two entries at issue in the consolidated cases proceeding under Court No. 18-00215.

4. The parts and/or components comprising each of the 36 entries comprising the Tandem and Rovetta Presses which AIDA America was importing for its automobile manufacturing customer in Fremont, California for use in an automobile construction plant.

5. What is the price actually paid or payable for the merchandise comprising the two entries issue, when sold for exportation to the United States, plus, to the extent not already included in that price, a) the packing costs incurred by AIDA America, b) any selling commission incurred by AIDA America, c) the value apportioned as appropriate, of any assist, and d) any royalty or license fee that AIDA America is required to pay as a condition of sale,

6. Whether any portion of the payment for the merchandise comprising the two entries at issue should be appropriately excluded from transaction value because they comprise one of the following:  a) the cost, charges, or expenses incurred for transportation, insurance, and related services incident to the international shipment of the merchandise from Italy to the place of importation in the United States, b) if identified separately, the reasonable cost incurred for constructing or erecting, assembling, maintaining or providing technical assistance with respect to the merchandise after importation into the United States, and c) any Customs duties or other Federal taxes.

7. A detailed explanation of manner and basis by which AIDA America paid AIDA Spa (Italy) for the entire project (two presses covering thirty-six entries) which has been described in AIDA America's Initial Disclosures as intermittent progress payments.

8. A detailed description of the alleged overpayment error involved in the two entries at issue, which forms the basis of AIDA America's claim as well as how the error was caused.