UNITED STATES COURT OF INTERNATIONAL TRADE
BEFORE: HON. STEPHEN ALEXANDER VADEN, JUDGE

| | |
|---|---|
| AIDA-AMERICA CORPORATION,<br><br>         Plaintiff,<br><br>   v.<br><br>UNITED STATES,<br><br>         Defendants. | Court No. 18-00215 |

**JOINT MOTION, OUT OF TIME, FOR REFERRAL OF ACTION
FOR COURT-ANNEXED MEDIATION**

Pursuant to Rule 16.1 of the Rules of the United States Court of International Trade, plaintiff, AIDA-America Corporation (AIDA-America), and defendant, United States, hereby jointly move this Court, out of time, to refer the instant action for Court-Annexed Mediation. For the reasons set forth below, the parties respectfully submit that Court-Annexed Mediation is likely to promote the "just, speedy and inexpensive resolution" of this action, as required by USCIT Rule 1.

**I. Background And Status Of The Case**

This action concerns the appraisement, pursuant to Section 402 of the Tariff Act of 1930, as amended and codified at 19 U.S.C. § 1401a, of six large stamping presses (the "Tandem Press" comprised of five presses and the single "Rovetta Press"), imported by plaintiff, AIDA-America. AIDA-America's affiliate, AIDA-SRL (Italy) manufactured the presses at issue and supplied to them to AIDA-America's customer in Fremont, California for use in an automobile manufacturing facility. The presses were imported disassembled in thirty-six (36) entries. This consolidated

1

action involves two of those entries. The remaining thirty-four (34) entries involved in the automotive press project are final and conclusive pursuant to 19 U.S.C. § 1514.

U.S. Customs and Border Protection (Customs) appraised the merchandise at liquidation on the basis of "transaction value" based on the information provided by AIDA-America at the time of entry. 19 U.S.C. § 1401a(b). AIDA-America claims that Customs' valuation of the merchandise contained in the two entries was incorrect as it was predicated on erroneous calculations provided by AIDA-America's customs broker. The Court has subject matter jurisdiction over this Customs protest action pursuant to 28 U.S.C. § 1581(a).

The case presents a number of salient issues, including those summarized below:

- What is the total dutiable value of the merchandise contained in the two entries at issue?
- What payments or portions of payments by AIDA-America to its supplier are attributable to the two entries at issue?
- Does the transaction value of the merchandise contained in the two entries at issue exclude transportation costs relating to entries that are final and conclusive pursuant to 19 U.S.C. § 1514?
- If the transportation costs relating to entries that are final and conclusive pursuant to 19 U.S.C. § 1514 are not excluded from the transaction value of merchandise contained in the two entries at issue, what is the proper method for apportioning those costs to the two entries at issue?
- Does the transaction value of the merchandise contained in the two entries at issue exclude costs for rigging relating to entries that are final and conclusive pursuant to 19 U.S.C. § 1514?
- If the costs for rigging relating to entries that are final and conclusive pursuant to 19 U.S.C. § 1514 are not excluded from the transaction value in the two entries at issue, what is the proper method for apportioning those costs to the two entries at issue?
- Can installation labor and travel costs relating to the other 34 automotive press project entries that are final and conclusive pursuant to 19 U.S.C. § 1514 (not the two entries at issue) be used to reduce the transaction value of the merchandise contained in the two entries at issue?
- If the costs for installation labor and travel relating to the other 34 automotive press project entries that are final and conclusive are able to be used to reduce the transaction value of the merchandise contained in the two entries at issue, what is the proper method for apportioning those costs for labor and travel charges to the two entries at issue?

This action involves a voluminous amount of financial documents and complex accounting concepts, which need to be considered in relation to the issues stated above.

## II. The Parties' Settlement Efforts To Date

The parties have engaged in settlement discussions prior to discovery, however, they were brief and unproductive. Following completion of discovery, the parties have a full understanding of each other's position, and now believe that the value issues are ripe for mediation. As detailed in Section III below, extensive discovery has now concluded. The parties have had discussions and now agree that the mediation process would be beneficial to narrow and possibly resolve the issues which may also lead to settlement of this action. The parties are committed to engaging in the mediation process should this Court grant our request for Court-Annexed Mediation, with the assistance of a mediating Judge of the Court.

## III. The Parties' Request To Refer The Case for Mediation At This Time

USCIT Rule 16.1 indicates that a party may move for Court-Annexed Mediation "not less than 30 days prior to the scheduled time for the filing of: a motion for summary judgment; a motion pursuant to USCIT Rules 56.1 or 56.2; or trial (whichever first occurs)." As required by the Court's scheduling order dispositive motions are due on May 16, 2022. While this joint request for Court-Annexed Mediation is untimely, the parties believe that there is good cause because of excusable neglect or circumstances beyond the control of the parties to refer this action to mediation.

In *Rockwell Automation, Inc. v. United States*, 7 F. Supp. 3d 1278 (Ct. Int'l Trade 2014), this Court construed USCIT R. 6(b)(1)(B), which provides that "[w]hen an act may or must be done within a specified time, the court may, for good cause, extend the time . . . on motion made after the time has expired if the party failed to act because of excusable neglect or circumstances

beyond the control of the party." This Court held that "excusable neglect" under USCIT R. 6(b)(1)(B) is evaluated in accordance with the equitable analysis set forth in *Pioneer Investment Services Company v. Brunswick Associates Limited Partnership*, 507 U.S. 380 (1993). *Id.* at 1283-84. The relevant circumstances evaluated by *Pioneer* include (1) "the danger of prejudice to the [opposing party]," (2) "the length of the delay and its potential impact on judicial proceedings," (3) "the reason for the delay, including whether it was within the reasonable control of the movant," and (4) "whether the movant acted in good faith." *Pioneer*, 507 U.S. at 395.

The parties have diligently pursued fact discovery in this action which, we submit, was necessary to determine the most appropriate path forward for this litigation. The parties have served and responded to interrogatories and requests for production of documents. Additionally, the parties deposed domestic and international fact witnesses. Specifically, defendant deposed AIDA-America's USCIT Rule 30(b)(6) designated agent, Mr. Jim Danzi, located in Dayton, Ohio on March 25, 2022. Plaintiff then deposed defendant's USCIT Rule 30(b)(6) designated agent, Ms. Dora Wolf, located in Chicago, Illinois, on April 13, 2022.

The depositions of the international fact witnesses were conducted in accordance with the Convention of 18 March 1970 on the Taking of Evidence Abroad in Civil or Commercial Matters (Hague Evidence Convention). On February 14, 2022, this Court issued a Letter of Request for Judicial Assistance authorizing the parties to take the testimonial evidence of three fact witnesses employed by AIDA-Srl who reside in Italy. The parties then petitioned the Corte d'Appello di Brescia, Italy, for the appointment of a Commissioner to facilitate the depositions of three fact witnesses from AIDA-Srl. The Corte d'Appello di Brescia granted the petition and appointed Mr. Stefano Azzali, Esq., as Commissioner on March 15, 2022. On March 22, 2022, Commissioner Azzali met with counsel for both parties via Zoom to confer regarding the procedures for deposing

the three AIDA-Srl witnesses and the manner in which the deposition testimony will be translated in the transcripts. The depositions of the Italian witnesses took place on April 1st and 4th. The three witnesses appeared for their depositions via Zoom from a location in Italy. The parties' local Italian counsel and Commissioner Azzali were present at the same location. Government counsel participated in the depositions from New York and AIDA-America's counsel participated from California. The parties are presently awaiting receipt of the official translated transcripts of the depositions of the Italian witnesses.

The parties to this joint request respectfully submit that they diligently prosecuted this case, that neither party is prejudiced by this request, and that the delay caused by this out-of-time request for Court-Annexed Mediation will not negatively impact these judicial proceedings but may have ameliorative effects, if the parties are able to settle the dispute or narrow the issues through mediation. Due to the complex nature of the facts and accounting transactions, the parties did not believe that mediation was a useful avenue to pursue until after the discovery phase. Depositions were necessary to elucidate the information contained in the financial documents produced by AIDA-America and to obtain Customs' position on the valuation of the merchandise at issue based on its review of those documents.

The Court's *Guidelines for Court Annexed Mediation* (*Mediation Guidelines*) also indicate that mediation is available "throughout the pretrial phase of all litigation." The Presiding Judge may, of course, refer a matter pending before the Court for mediation at any time, and mediation is an extension of settlement efforts, which parties can (and are usually encouraged to) pursue at any time until entry of final judgment. The parties respectfully submit that good cause exists to refer the matter to mediation, to allow the parties a good faith attempt to resolve all or part of the

case, in furtherance of the goal of USCIT R. 1 to seek the "just, speedy and inexpensive determination of every action and proceeding."

IV. **Desirability of Court-Annexed Mediation**

The parties believe that their discovery and settlement efforts to date have advanced the possibilities for settlement of the action. At this stage of the case, the parties are optimistic that mediation before a Judge will assist the parties in evaluating each other's positions, as well as their own, and will address the factual and procedural elements which need to be assessed and resolved in order to reach a final resolution of the action. As the Court's *Mediation Guidelines* indicate, mediation sessions are "structured to help parties communicate, to clarify their understanding of underlying interests and concerns, probe the strengths and weaknesses of legal positions, explore the consequences of not settling and generate settlement options."

Particularly where, as here, the issues in litigation have developed over a long period of time, and the parties have adopted opposing views of those issues, the evaluation of an independent mediator can often be helpful in bringing the parties to agreement. The parties believe that Court-Annexed Mediation will be productive and advance this matter to final resolution, or at a minimum, narrow the issues before this Court.

**Conclusion**

For the reasons set forth herein, the parties respectfully and jointly move this Court to refer this action for Court-annexed mediation pursuant to USCIT Rule 16.1.

Respectfully submitted,

|  |  |
|---|---|
| By: /s/ Asa Markel<br>ASA MARKEL<br>MASUDA, FUNAI, EIFERT<br>& MITCHELL, LTD.<br>19191 S. Vermont Avenue, Suite 420<br>Torrance, CA 90502<br>Tel: (310) 630-5900<br><br>*Attorneys for Plaintiff* | BRIAN M. BOYNTON<br>Principal Deputy Assistant Attorney General<br><br>PATRICIA M. McCARTHY<br>Director<br><br>AIMEE LEE<br>Assistant Director<br>International Trade Field Office<br><br>/s/ Edward F. Kenny<br>EDWARD F. KENNY<br>Senior Trial Counsel<br><br>/s/ Marcella Powell<br>MARCELLA POWELL<br>Senior Trial Counsel<br>Civil Division, Dep't of Justice<br>Commercial Litigation Branch<br>26 Federal Plaza, Room 346<br>New York, New York 10278<br>Tel: 212-264-9230<br><br>*Attorneys for Defendant* |

Dated: April 29, 2022.

**CERTIFICATE OF SERVICE**

I, Asa Markel, certify that I am over the age of 18 years, am not a party to this action, and that on the 29th day of April, 2022, the accompanying **JOINT MOTION, OUT OF TIME, FOR REFERRAL OF ACTION FOR COURT-ANNEXED MEDIATION; PROPOSED ORDER OF REFERRAL TO MEDIATION; and PROPOSED REPORT OF MEDIATION** were filed on the Court's CM/ECF system, which automatically serves notice to the following counsel of record to the parties in the above-captioned action:

Edward F. Kenny, Esq.
Marcella Powell, Esq.
U.S. Department of Justice
International Trade Field Office
26 Federal Plaza, Room 346
New York, New York 10278-0004
Edward.Kenny@usdoj.gov
Marcella.Powell@usdoj.gov

Dated: April 29, 2022

Signature:                 /s/ Asa Markel
        Torrance, California     Asa Markel